STATE OF MONTANA EX REL. LEONARD C. YOUNG, AUSTIN B. MIDDLETON AND PAUL T. SMITH, INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF RAILROAD COMMISSIONERS OF THE STATE OF MONTANA AND EX OFFICIO MEMBERS OF THE PUBLIC SERVICE COMMISSION OF MONTANA, AND THE PUBLIC SERVICE COMMISSION OF MONTANA, RELATORS v. ARNOLD H. OLSEN, RESPONDENT.

No. 9652

Submitted January 13, 1956. Decided January 18, 1956.

292 Pac. (2d) 348.

600

James B. Patton, Helena, for Relators.

MR. CHIEF JUSTICE ADAIR:

Commencing at 7:31 o'clock on the evening of December 28, 1955, Austin B. Middleton, one of the relators herein, sitting before a television set in Butte, Montana and viewing a television program then being telecast and broadcast over the facilities of Station KXLF-TV 6 Butte, Montana, heard the respondent Arnold H. Olsen, then and now the Attorney General of the State of Montana and sole participant on such program, deliver a public address, which *inter alia,* touched on public utility rate increases and regulations in the State of Montana.

Thereafter, on January 10, 1956, the relators Austin B. Middleton, Leonard C. Young and Paul T. Smith, representing that they were acting individually and as members of the Board of Railroad Commissioners of the State of Montana and ex-officio members of the Public Service Commission of Montana, commenced in this court this original proceeding by filing herein their joint accusatory affidavit and joint petition charging that in uttering said public address the respondent Arnold H. Olsen became, was and is in contempt of this court and the relators request this court to issue a warrant of attachment or order to show cause directing the respondent Arnold H. Olsen to appear before this tribunal and there show cause why he should not be punished for such alleged contempt.

Relators' joint accusatory affidavit and their joint petition fail to show acts or conduct on the part of respondent constituting contempt of this court or that would justify the issuance of either the warrant of attachment or the order to show

cause so sought by relators. The proceeding, lacking in merit, is ordered dismissed.

MR. JUSTICE BOTTOMLY concurs.

MR. JUSTICES ANGSTMAN and ANDERSON:

We concur in the foregoing order so far as it dismisses the proceedings.

MR. JUSTICE DAVIS (concurring specially):

I agree that this proceeding should be dismissed, but not for the reason given by the other justices who have expressed an opinion. The contempt charged, if contempt there be in the words which the relators' affidavit lays at the door of the attorney general, has not hindered, embarrassed, or obstructed this court in its work or in the discharge of its judicial functions. There is no occasion then for this court to act summarily that its dignity may be upheld, or its honor vindicated; and such a reason or one closely related thereto is the only justification this court can have in my opinion for moving here as the relators ask. True we have the power to punish for contempt.

But that power should be sparingly exercised and then only in a case which comes close to an emergency. Otherwise we should not sit in judgment where under any construction of the record we may be considered a party in interest. What the late Mr. Justice Holmes, sitting in the Supreme Court of the United States, in his dissent in Toledo Newspaper Co. v. United States, 247 U.S. 402, 422-426, 38 S. Ct. 560, 62 L. Ed. 1186, said of another contempt closely akin to the charge here suffices to state my reasons for dismissing this proceeding, and does so more aptly than I am myself able to state my position.

I need only add that if the attorney general be in contempt upon the facts here (and as to that I express no opinion), that contempt is a misdemeanor under R.C.M. 1947, section 94-3540, to be prosecuted and punished as such. The remedy there is adequate, which makes action by us in this proceeding unnecessary.